UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | 1:18-cr-00121-PB |
| | ) | |
| TREVOR PALLADINO | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

### I. Introduction

As set forth below, the government recommends a 72-month prison term for the defendant, who, while working as a middle school para-educator and softball coach, exchanged naked photographs with a fourteen-year-old student he previously coached. The defendant pled guilty to one count of possession of child pornography. However, because the defendant caused the victim to take the sexually explicit photographs that she sent him, the sentencing guidelines cross reference to the guidelines for production of child pornography. The statutory maximum, 120 months, therefore drives the advisory guideline range in this case. Due to circumstances discussed below, the government recommends a downward variance to a sentence of 72 months' incarceration followed by five years of supervised release.

### II. The Defendant's Criminal Conduct

As described in the Presentence Report ("PSR"), the defendant coached his fourteen-year-old victim's softball team while she was a student at a Milford, New Hampshire, middle school. Although the defendant refused to connect with the victim on Instagram while he was coaching her, apparently recognizing the inappropriate nature of a student-teacher online relationship, after the victim graduated from middle school, they began to communicate online. During September and October of 2015, the conversations progressed from discussing school sports to a flirtation that involved the exchange of naked photographs. The defendant would ask

the victim what she was doing or what she was wearing and then ask her to "prove it" with photographs. When the victim would send photographs, the defendant would encourage her to send things that were more sexually explicit. For example, when the victim sent the defendant a photograph of her legs covered by a school book, he responded, "that's not showing me anything." When she sent him a photograph in which she was covering her breasts, he asked why she was covering herself, prompting her to send completely naked photographs. The defendant reciprocated with photographs of himself as well, including one of his erect penis. A forensic examination of the defendant's phone revealed that he possessed at least four images of the fourteen-year-old victim that would constitute child pornography.

### III. The Recommended Sentence

**A. U.S. Sentencing Guidelines Calculation.**

The government agrees with the guideline calculations as set forth in the PSR, which found that the defendant's guideline imprisonment range is 120 months. PSR ¶ 59. The government concedes that a two-level departure is appropriate to offset the enhancement for use of a computer, which would yield an offense level 38. This departure does not affect the guideline range, which remains 120 months, due to the statutory maximum.

For the reasons specified below, the government agrees that a sentence below 120 months satisfies the sentencing factors. Under *United States v. Booker*, 543 U.S. 220, 245 (2005), the sentencing guidelines are merely advisory. Nonetheless, at sentencing, "district courts are still required to 'begin all sentencing proceedings by correctly calculating the applicable Guidelines range.'" *United States v. Millan-Isaac*, 749 F.3d 57, 66 (1st Cir. 2014) (quoting *Gall v. United States*, 552 U.S. 38, 49 (2007)). "[C]orrectly calculating the GSR serves an important function; it provides a 'framework or starting point' to guide the exercise of the court's

discretion." *Millan-Isaac*, 749 F.3d at 66 (quoting *Freeman v. United States*, 564 U.S. 522, 529 (2011)). After giving both parties an opportunity to be heard, the district court should then consider all of the factors under 18 U.S.C. § 3553(a) to fashion an appropriate sentence. *See Gall*, 552 U.S. at 49-50.

The government contends that a sentence of 72 months is the appropriate disposition of this case for the reasons set forth below. This represents a sentence that is 40% below the advisory guideline range. If the statutory maximum did not limit the sentence, 72 months would be approximately 70% below the low end of the advisory guideline range.

**B. The 3553(a) Factors Support a 72-Month Sentence.**

**1. Nature and Circumstances of the Offense**

The defendant's criminal conduct was serious. The defendant abused his authority and position of trust as a school employee and exploited a fourteen-year-old child. The defendant was 26 years old, twelve years older than his victim, when he did so. There is nothing age appropriate or consensual about this conduct. The defendant was an adult, employed by the public school system. The victim was a child. The victim's mother intends to write a letter to the Court discussing the impact that the defendant's conduct had on her daughter.

**2. Defendant's History and Characteristics and Psychosexual Risk Assessment**

The defendant is a 29-year-old man with a young family and steady employment. He had a supportive upbringing, with all of his needs met, and does not report a history of childhood abuse or trauma. As discussed in depth in the letters provided to the Court, the defendant struggled with his father's diagnosis with a terminal illness, the loss of a friend, and with problems in his relationship at the time he engaged in this offense. While these are difficult things in any person's life, they are not abnormal. Many defendants come before this Court with

severe histories of tragedy and abuse. This defendant faced painful and difficult, but not uncommon, life challenges, and he reacted by victimizing a child. Clearly he was suffering at that time in his life, but no amount of pain can excuse his behavior. Notably absent from the defendant's psychosexual risk assessment is any recognition of how his actions affected his victim.

Nevertheless, the government recommends a variance because the evidence in the case, the psychosexual risk assessment, and the defendant's letters of support indicate that this was an isolated incident. Dr. Guidry found that the defendant is not a pedophile, and does not pose a risk of reoffending against children. The government recognizes that the defendant's history and characteristics, lack of criminal history, and the fact that he does not pose a substantial risk to reoffend merit a variance. However, a 72-month sentence, a substantial variance from the guideline range, is still necessary.

### 3. Just Punishment, Respect for Law, and Deterrence

A 72-month sentence is necessary to serve these purposes. As discussed above, the defendant does not seem to recognize the seriousness of the harm he caused and a 72-month sentence is necessary to reflect the pain caused to the victim and to punish the defendant's conduct accordingly. In addition, other defendants will be deterred by a significant sentence. Individuals, especially those whose jobs allow them access to children, need to know that such an abuse of authority, will not be tolerated.

A significant sentence is also needed to protect the public from other would-be predators who may mistakenly believe that online sexual offending is not a serious crime. In fact, the defendant's sentencing memorandum exemplifies this problem. The defendant apparently attempts to minimize his behavior by claiming that this is not a child pornography case but a

"sexting" case. When a twenty six-year-old coach in a position of authority asks a fourteen-year-old child to send him naked photographs, that is not sexting. It is production of child pornography. While the government agrees that there are various mitigating factors that warrant a sentence of 72 months instead of the 262 months that the guidelines would recommend if the defendant were charged with production of child pornography, it is important to recognize that this conduct is very different from age appropriate "sexting." It is in fact more egregious than the typical possession of child pornography case in that the defendant knew his victim and abused a position of trust in coercing her to produce and send the images.

Moreover, a 72-month sentence is in line with other sentences handed down. The defendant compares his case to other child pornography possession sentences. His case is markedly different. In fact, a 72-month sentence is in fact significantly lower than most sentences imposed for causing children to produce child pornography. Judge DiClerico recently sentenced a Goffstown coach, Matthew Riehl, to 300 months in prison for producing child pornography of various students he coached. Although various factors warranted a more severe sentence in that case (including the number of victims, the defendant's attempt to disguise his identity, and the fact that he extorted photographs from children by threatening to publically share their images), the defendant's abuse of his role as a coach to receive sexually explicit images over social media is comparable to this defendant's conduct.

**IV.     Conclusion**

A significant period of incarceration is necessary in light of the nature of the defendant's offense and the depth of harm he inflicted on his young victim. The 72-month sentence is also necessary to promote respect for the law as well as to deter other similarly situated defendants. The sentence is not greater than necessary and would not result in an unwarranted sentencing disparity among similarly situated defendants. A 72-month sentence is significantly below the sentencing guideline range but is appropriate, and, for the reasons set out above, is necessary.

December 26, 2018

                                         Respectfully submitted,

                                         SCOTT W. MURRAY
                                         United States Attorney

                                   By: /s/ Georgiana L. Konesky
                                         Georgiana L. Konesky
                                         Assistant U.S. Attorney
                                         53 Pleasant St., 4th Floor
                                         Concord, NH 03301
                                         (603) 225-1552
                                         MA Bar # 685375
                                         Georgiana.konesky@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that a copy of this sentencing memorandum and sealed exhibit have been served upon defense counsel, Jonathan Saxe, this date.

/s/ Georgiana L. Konesky
Georgiana L. Konesky
Assistant U.S. Attorney
